Citation Nr: 1755091 
Decision Date: 11/30/17 Archive Date: 12/07/17

DOCKET NO. 12-15 063 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Roanoke, Virginia


THE ISSUE

Entitlement to service connection for bilateral hearing loss.


REPRESENTATION

Veteran represented by: Virginia Department of Veterans Services


ATTORNEY FOR THE BOARD

Timothy C. King, Associate Counsel






INTRODUCTION

The Veteran had honorable active duty service in the United States Army from May 1968 to March 1970.

This case comes before the Board of Veterans' Appeals (Board) on appeal from July 2009 and August 2011 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Roanoke, Virginia. These rating decisions declined to reopen the claim of entitlement to service connection for hearing loss for failure to submit new and material evidence. 

In the June 2012 substantive appeal, VA Form 9, the Veteran requested a hearing before the Board at the local RO (Travel Board hearing). In February 2015, the Veteran requested a board hearing via videoconference instead of a Travel Board hearing. In August 2015, October 2015, and November 2015 the Veteran was notified by letter that he was scheduled for a Travel Board hearing in December 2015. The October 2015 notice was returned to sender as undeliverable.

In March 2016, the Board remanded the case for the RO to determine the Veteran's current address and schedule the Veteran for a videoconference hearing before the Board. In June 2016, the Veteran was notified by letter that he was scheduled for a videoconference hearing in July 2016. The June 2016 notice was sent to the most current address of record. In June 2016, the Veteran was also notified by email of the scheduled hearing in July 2016 and to confirm his address and phone numbers. The Veteran failed to appear for the July 2016 hearing and did not request to reschedule his hearing and did not provide any statement of good cause regarding his failure to attend his scheduled hearing. Accordingly, his request for a hearing is considered withdrawn. 38 C.F.R. § 20.704(d) (2017). 

The Board reopened the claim of entitlement to service connection for bilateral hearing loss in August 2016, finding that new and material evidence had been submitted. However, the claim of entitlement to service connection for bilateral hearing loss was subsequently denied by the Board. The Veteran appealed to the United States Court of Appeals for Veterans Claims (Court) which, by Order dated June 28, 2017, granted a Joint Motion for Partial Remand (Joint Motion) to address the issue of whether service connection for bilateral hearing loss was established. 


FINDING OF FACT

The Veteran's bilateral hearing loss manifested as a result of active military service. 


CONCLUSION OF LAW

The criteria for establishing entitlement to service connection for bilateral hearing loss have been met. 38 U.S.C. §§ 1101, 1110, 1112, 1113, 5107 (2012); 38 C.F.R. §§ 3.303, 3.307, 3.309, 3.310, 3.365, 3.385 (2017).


REASONS AND BASES FOR FINDING AND CONCLUSION

Generally, to establish service connection there must be competent evidence showing: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the in-service injury incurred or aggravated during service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303; Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). 

Service connection may also be granted for a disability which is proximately due to or the result of a service-connected disease or injury. 38 C.F.R. § 3.310(a). 

Certain chronic diseases, including sensorineural hearing loss, may be presumed to have been incurred in or aggravated by service if manifested to a compensable degree within one year of discharge from service. See 38 U.S.C. §§ 1101, 1112; 38 C.F.R. §§ 3.307, 3.309; ); Fountain v. McDonald, 27 Vet. App. App. 258, 264 (2015) (Sensorineural hearing loss is a chronic condition under 38 C.F.R. § 3.309(a)). In such cases, the disease is presumed under the law to have had its onset in service even though there is no evidence of that disease during the period of service. 38 C.F.R. § 3.307(a). This presumption is rebuttable by affirmative evidence to the contrary. 38 U.S.C. § 1113; 38 C.F.R. §§ 3.307(d), 3.309(a). A showing of chronicity requires a combination of manifestations sufficient to identify a disease entity, and sufficient observation to establish chronicity at the time, as distinguished from merely isolated findings or a diagnosis including the word "chronic." 38 C.F.R. § 3.303(b).

When a disease listed at 38 C.F.R. § 3.309(a) is not shown to be chronic during service or the one year presumptive period, service connection may also be established by showing continuity of symptomatology after service. See 38 C.F.R. § 3.303(b). Continuity of symptomatology may be established if a claimant can demonstrate (1) that a condition was shown in service; (2) evidence of post-service continuity of the same symptomatology; and (3) medical or, in certain circumstances, lay evidence of a nexus between the present disability and the post-service symptomatology. Id.; Savage v. Gober, 10 Vet. App. 488, 495-96 (1997); Walker v. Shinseki, 708 F.3d 1331, 1336, 1339 (Fed. Cir. 2013) (explaining that "shown as such in service" means "clearly diagnosed beyond legitimate question"). However, the use of continuity of symptoms to establish service connection is limited only to those diseases listed at 38 C.F.R. § 3.309(a) and does not apply to other disabilities which might be considered chronic from a medical standpoint. See Walker, 708 F.3d at 1338-39.

Generally, a claimant has the responsibility to present and support a claim for benefits. All information, lay evidence and medical evidence in a case is to be considered by the Board in deciding the claim. When there is an approximate balance of positive and negative evidence regarding any material issue, the claimant is to be given the benefit of the doubt. 38 U.S.C. § 5107; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990). To deny a claim on its merits, the evidence must preponderate against the claim. Alemany v. Brown, 9 Vet. App. 518, 519 (1996), citing Gilbert, 1 Vet. App. at 54.

Lay evidence, if competent and credible, may serve to establish a nexus in certain circumstances. See Davidson v. Shinseki, 581 F.3d 1313 (2009) (noting that lay evidence is not incompetent merely for lack of contemporaneous medical evidence). When considering whether lay evidence may be competent, the Board must determine, on a case by case basis, whether the Veteran's particular disability is the type of disability for which lay evidence may be competent. Kahana v. Shinseki, 24 Vet. App. 428 (2011); see also Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007) (holding that "[w]hether lay evidence is competent and sufficient in a particular case is a factual issue.").

The Board has an obligation to provide reasons and bases supporting its decision, but there is no need to discuss, in detail, every piece of evidence of record. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000). The Board's analysis is to focus specifically on what the evidence shows, or fails to show, on the claim. See Timberlake v. Gober, 14 Vet. App. 122, 129 (2000) (noting that the Board must analyze the credibility and probative value of the evidence, account for the evidence which it finds to be persuasive or unpersuasive, and provide the reasons for its rejection of any material evidence favorable to the claimant). 

For purposes of applying the laws administered by VA, impaired hearing will be considered to be a disability when the auditory threshold in any of the frequencies of 500, 1,000, 2,000, 3,000, or 4,000 Hertz (Hz) is 40 decibels or greater; or when the auditory thresholds for at least three of the frequencies of 500, 1,000, 2,000, 3,000, or 4,000 Hertz are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385. Service connection for impaired hearing is only established when audiometric testing meets the specified pure tone and speech recognition criteria. 

Here, the record contains audiological reports from December 2013, December 2014, and October 2016 indicating that the Veteran suffers from a hearing loss disability, as defined by 38 C.F.R. § 3.385. These reports of hearing loss are corroborated by other medical documents that show treatment for hearing loss. See, e.g. September 2005 VA Audiology Hearing Evaluation note; April 2006 VA treatment record; March 2008 VA treatment record. 

In addition, the service treatment records prove the Veteran experienced an incident of hearing loss in-service noted in the records as being a result of acoustic trauma, during which he was treated for several days, and ultimately released to limited duty. See November 1969 Service Treatment Record. 

The Veteran's subsequent statements to treating physicians and his contemporaneous account to his then wife indicate that he was unable to hear for a period of three days. See, e.g., November 1969 Correspondence; September 2005 VA treatment record; April 2006 VA treatment record; July 2005 Correspondence. 

Thus, the only remaining criteria for resolution is whether the Veteran's current hearing loss disability is related to service. The Veteran credibly reported that he began having hearing related problems in service which continued and progressed thereafter. See Jandreau v. Nicholson, 492 F.3d at 1376-77. 

There is a September 2005 VA Audiology Hearing Evaluation note, where the impression noted was mild to moderate sensorineural hearing loss, and the audiologist opined that it was at least as likely as not that the Veteran's bilateral hearing loss was caused during military service. The onset of the Veteran's hearing loss was noted to be 30 to 35 years earlier. 

The treating physician with the initials D.O. who oversaw the audiological tests, by report dated September 2014, corroborated the likelihood of the Veteran's assertions, and opined that the Veteran's sensorineural hearing loss has likely been present for a long period of time, and has been slowly progressive. The treating physician also stated that a large component is likely to have been related to previous loud noise exposure which the Veteran may have experienced during his time in the military. 

When considering the record as it pertains to nexus, the Board finds that the evidence is at least in equipoise as to whether his hearing loss is related to service, which is sufficient for service connection. 38 U.S.C. § 5107; 38 C.F.R. § 3.303(b); Fountain v. McDonald, 27 Vet. App. at 264; see also Walker v. Shinseki, 708 F.3d at 1336. Accordingly, the claim for entitlement to service connection for bilateral hearing loss is granted.


ORDER

Entitlement to service connection for bilateral hearing loss is granted.



____________________________________________
B. MULLINS
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs